UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

     -against-

STEVEN M. GALLAGHER, a/k/a "Alexander Delarge 655321";

                Defendant.

21 CV 8739 (PKC)( )

---

**[PROPOSED] ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER ENJOINING DEFENDANT FROM CONTINUING VIOLATIONS OF THE SECURITIES LAWS, FREEZING HIS ASSETS AND GRANTING OTHER RELIEF**

On the Emergency *Ex Parte* Application ("Application") of the Plaintiff Securities and Exchange Commission (the "SEC") for an Order:

(1)     Directing Defendant Steven M. Gallagher, also known as "Alexander Delarge 655321" ("Defendant" or "Gallagher"), to show cause why an order should not be entered, pending a final disposition of this action:

(a) Enjoining Gallagher from ongoing and future violations of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)]; Section 9(a)(2) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78i(a)(2)] and Section 10(b) [15 U.S.C. § 78j(b)] of the Exchange Act and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder;

(b) Freezing Gallagher's assets, up to the amount of $6.9 million, including, but not limited to, the accounts set forth below; and

    (c) enjoining Gallagher from destroying evidence; and

(2)  Pending adjudication of the foregoing, an order:

    (a) Enjoining Gallagher from ongoing and future violations of Securities Act Section 17(a); Exchange Act Section 9(a)(2) and Section 10(b) and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder;

    (b) Freezing Gallagher's assets, up to the amount of $6.9 million, including, but not limited to, the accounts set forth below;

    (c) Permitting the SEC to conduct expedited discovery; and

    (d) Enjoining Gallagher from destroying evidence.

The Court has considered: (a) the SEC's *Ex Parte* Emergency Application for an Order to Show Cause and Temporary Restraining Order Enjoining Defendant from Violations of the Securities Laws, Freezing His Assets, and Granting Other Relief; (b) the Complaint in this action filed on October 25, 2021; (c) the SEC's Memorandum of Law in Support of its Emergency Application for an Order to Show Cause and Temporary Restraining Order Enjoining Defendant from Violations of the Securities Laws, Freezing His Assets, and Granting Other Relief; (d) the Declaration of Thomas Peirce, dated October 25, 2021, and attached exhibits; and (e) the Declaration of Kevin P. McGrath Pursuant to Local Rule 6.1, dated October 25, 2021.

Based upon the foregoing documents, the Court finds that a proper showing, as required by Section 20(b) of the Securities Act [15 U.S.C. § 77t(b)] and Section 21(d) of the Exchange Act [ 15 U.S.C. §78u(d)] has been made for the relief granted herein, for the following reasons:

It appears from the evidence presented that, as charged in the Complaint, the Defendant has violated, and unless temporarily restrained, will continue to violate Section 17(a) of the Securities Act, Section 9(a)(2) and Section 10(b) of the Exchange Act and Rule 10b-5

thereunder.

It appears from the evidence presented that Gallagher has received ill-gotten gains derived from his unlawful conduct, and that at least some of these funds have been deposited into accounts controlled by him, including those described below.

It appears that Gallagher may attempt to dissipate, deplete, or transfer from the jurisdiction of this Court, funds, property and other assets that could be subject to an order of disgorgement or an order imposing civil penalties. It appears that an order freezing the Defendant's assets, up to $6.9 million, as specified herein, is necessary to preserve the *status quo,* to protect this Court's ability to award equitable relief in the form of disgorgement of illegal profits from securities law violations, prejudgment interest thereon, and civil money penalties, and to preserve the Court's ability to approve a fair distribution for victims.

Good and sufficient reasons have been shown why procedure other than by notice of motion is necessary. It is therefore appropriate for the Court to issue this Order to Show Cause and Temporary Restraining Order *ex parte* so that prompt service on appropriate financial institutions can be made, thus preventing the dissipation of assets.

This Court has jurisdiction over the subject matter of this action and over the Defendant and venue properly lies in this District.

**NOW, THEREFORE,**

### I.

**IT IS HEREBY ORDERED** that the Defendant show cause, if there be any, to this Court at __3__ p.m. on the __9th__ day of __November__, 2021, ~~via teleconference at~~ in Courtroom 11D, United States Courthouse ~~telephone number _____ and access code _____, or in Room _____~~ of the United States District Court, Southern District of New York, 500 Pearl

3

Street, New York, N.Y. 10007, why this Court should not enter an Order pursuant to Rule 65 of the Federal Rules of Civil Procedure, Section 20(b) of the Securities Act and Section 21(d) of the Exchange Act directing that, pending a final disposition of this action, preliminarily enjoining Defendant from violating Section 17(a) of the Securities Act, Section 9(a)(2) and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

## II.

**IT IS FURTHER ORDERED** that the Defendant show cause at that time why this Court should not also enter an Order directing that, pending a final disposition of this action, the Defendant and each of his financial and brokerage institutions, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of such Order by personal service, facsimile service, telephonic notice, notice by email, or otherwise, and each of them, hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever) of, held by, or under the direct or indirect control of the Defendant, up to $6.9 million, whether held in his name or for his direct or indirect beneficial interest wherever situated, in whatever form such assets may presently exist, and directing each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds or other property of the Defendant to hold or retain within its or his or her control and prohibit the withdrawal, removal, transfer or other disposal of any such assets, funds or other properties, including, but not limited to, Gallagher's account at TD Ameritrade ending in 5991; Gallagher's wife's (Kristin Gallagher) account at TD Ameritrade ending in 9559; Gallagher's accounts at E*Trade ending in 3454 and

4

9069 and Gallagher and his wife's joint account at E*Trade ending in 3565; Gallagher's account at Coinbase and Gallagher's account at Citibank ending in 7455.

### III.

**IT IS FURTHER ORDERED** that the Defendant show cause at that time why this Court should not also enter an Order, pending a final disposition of this action, enjoining and restraining him, and any person or entity acting at his direction or on his behalf, from destroying, altering, concealing, or otherwise interfering with the access of the SEC to any and all documents, books, and records that are in the possession, custody or control of the Defendant, his respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with him, that concern, refer, reflect, or relate to the allegations in the Complaint, including, without limitation, documents, books, and records concerning, referring, reflecting, or relating to the Defendant's finances or business operations, or the offer, purchase or sale of securities offered or sold by or through the Defendant and the use of proceeds therefrom.

### IV.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the SEC's Application, Defendant, and each of his agents, servants, employees, attorneys and other persons in active concert or participation with him who receive actual notice of the injunction by personal service or otherwise, are temporarily enjoined and restrained from any ongoing and future violations of Section 17(a) of the Securities Act, by, directly or indirectly, singly or in concert, in the offer or sale of securities and by the use of the means or instruments of transportation or communication in interstate commerce or the mails, (1) knowingly or recklessly employing one or more devices, schemes or artifices to defraud, (2) knowingly, recklessly, or negligently obtaining money or property by means of one or more untrue statements of a

material fact or omissions of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, and/or (3) knowingly, recklessly, or negligently engaging in one or more transactions, practices, or courses of business which operated or would operate as a fraud or deceit upon the purchaser.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with any person described in (a).

## V.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the SEC's Application, Defendant, and each of his respective agents, servants, employees, attorneys and other persons in active concert or participation with him who receive actual notice of the injunction by personal service or otherwise, is temporarily enjoined and restrained from any ongoing and future violations of Section 9(a)(2) of the Exchange Act by, directly or indirectly, alone or with one or more other persons, effecting a series of transactions in any security registered on a national securities exchange, any security not so registered, or in connection with any security-based swap or security-based swap agreement with respect to such security creating actual or apparent active trading in such security, or raising or depressing the price of such security, for the purpose of inducing the purchase or sale of such security by others.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendant's officers, agents, servants, employees,

and attorneys; and (b) other persons in active concert or participation with Defendant or with any person described in (a).

## VI.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the SEC's Application, Defendant, and each of his respective agents, servants, employees, attorneys and other persons in active concert or participation with him who receive actual notice of the injunction by personal service or otherwise, is temporarily enjoined and restrained from any ongoing and future violations of Section 10(b) [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder by, directly or indirectly, singly or in concert, in connection with the purchase or sale of securities and by the use of means or instrumentalities of interstate commerce, or the mails, or the facilities of a national securities exchange, knowingly or recklessly (i) employed one or more devices, schemes, or artifices to defraud, (ii) made one or more untrue statements of a material fact or omitted to state one or more material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, and/or (iii) engaged in one or more acts, practices, or courses of business which operated or would operate as a fraud or deceit upon other persons.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with any person described in (a).

## VII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the SEC's

Application, the Defendant and each of his financial and brokerage institutions, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of such Order by personal service, facsimile service, telephonic notice, notice by email, or otherwise, and each of them, hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever) of, held by, or under the direct or indirect control of the Defendant, up to $6.9 million, whether held in his name or for his direct or indirect beneficial interest wherever situated, in whatever form such assets may presently exist, and directing each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds or other property of the Defendant to hold or retain within its or his or her control and prohibit the withdrawal, removal, transfer or other disposal of any such assets, funds or other properties, including, but not limited to, Gallagher's account at TD Ameritrade ending 5991; Gallagher's wife's (Kristin Gallagher) account at TD Ameritrade ending in 9559; Gallagher's accounts at E*Trade ending in 3454 and 9069 and Gallagher and his wife's joint account at E*Trade ending in 3565; Gallagher's account at Coinbase and Gallagher's account at Citibank ending in 7455.

## VIII.

**IT IS FURTHER ORDERED** that discovery is expedited as follows: pursuant to Rules 26, 30, 31, 33, 34, 36 and 45 of the Federal Rules of Civil Procedure, and without the requirement of a meeting pursuant to Fed. R. Civ. P. 26(f), and without regard to the limitations of Fed. R. Civ. P. 30(a)(2) or Fed. R. Civ. P. 30(d), the SEC may:

    (1)    Take depositions, subject to three (3) calendar days' notice by facsimile, email, or

otherwise; depositions may be taken telephonically or by videoconference; as to the Defendant, and his officers, agents, servants, employees, attorneys, and those persons in active concert or participation with him, the SEC may depose such witnesses after serving a deposition notice by email upon the Defendant, and without serving a subpoena on such witness. Depositions that have not been signed by the witness may be used for purposes of the hearing on the SEC's Application;

(2) Obtain the production of documents, within three (3) calendar days from service by facsimile, email or otherwise of a request or subpoena, from any persons or entities, including non-party witnesses;

(3) Obtain other discovery, including interrogatories, requests for admissions, and requests to inspect the premises and files of the Defendant within three (3) calendar days from the date of service by facsimile, email or otherwise of such other discovery requests, interrogatories, requests for admissions or requests for inspection; and

(4) Serve any discovery requests, notices, or subpoenas, including subpoenas to non-parties, by personal service, facsimile, overnight courier, email, or first-class mail on an individual, entity, or the individual's or entity's attorney.

This order expediting discovery will remain in place beyond any hearing on the SEC's Application.

**IX.**

**IT IS FURTHER ORDERED** that a copy of this Order and the papers supporting the Commission's Application be served upon the Defendant, or his, ~~her or its~~ attorney ~~who~~ agrees [provided that he or she] to accept service on his behalf, on or before (October 27, 2021) ~~, 2021~~ by email at

Gallagher's email addresses ending in ---------and@aol.com and ------bac@aol.com, personal delivery, facsimile, overnight courier, or first-class mail.

### X.

**IT IS FURTHER ORDERED** that the Defendant shall file on ECF or deliver any opposing papers in response to the Order to Show Cause above no later than _November 4_, 2021, at 5:00 p.m. If not filed on ECF, service shall be made by delivering the papers, using the most expeditious means available, by that date and time, to the New York Regional Office of the Commission at 200 Vesey Street, Suite 400, New York, New York 10281, Attn: Kevin P. McGrath, by email to mcgrathk@sec.gov, or to such other place as counsel for the SEC may direct in writing, and a courtesy copy shall be delivered to chambers. The SEC shall have until _November 8_, 2021, at 5:00 p.m., to file any reply papers on ECF and, if the Defendant does not file his opposition on ECF, serve, by the most expeditious means available (which may include any form of service authorized in paragraph IX above for service of a copy of this Order), the reply papers upon the Defendant, or his counsel.

### XI.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon the Defendant, and each of his officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of this Order by email, personal service, facsimile, overnight courier, or otherwise.

_____
UNITED STATES DISTRICT JUDGE

Issued at: _1:05_ _p_.m.
October _26_, 2021
New York, New York