**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN M. GALLAGHER, a/k/a "Alexander Delarge 655321,"<br><br>Defendant. | No. 1:21-cv-8739-PKC-GWG |

## [PROPOSED] STIPULATED PRELIMINARY INJUNCTION ORDER

Plaintiff Securities and Exchange Commission ("Commission") and Defendant Steven M. Gallagher ("Gallagher" or "Defendant"), by and through their respective attorneys, hereby stipulate and agree to the following proposed Order.

WHEREAS, the Court previously entered an Order to Show Cause and Temporary Restraining Order on October 26, 2021 ("TRO") (DE 11), temporarily enjoining the Defendant from violating certain provisions of the securities laws and freezing certain of his assets; and

WHEREAS, on November 5, 2021, the Court subsequently granted the parties' request to modify the TRO with respect to the frozen assets held in the accounts of Fifth Third Bank ending in -7581 and -1634, for CMS of Holland Inc. ("CMS"), and the Gallagher Group Ltd. ("Gallagher Group"), such that account -7581 was to be used for CMS' ordinary and necessary business needs and account -1634 was to be used for the necessary operations and functions of the Gallagher Group (DE 17); and

WHEREAS, the parties now agree to entry of an Order preliminarily enjoining the Defendant from violations of certain provisions of the federal securities laws, and freezing the

1

Defendant's assets up to $6.9 million, pending a final disposition of this case, except as otherwise provided below; and the parties further agree that nothing in this joint stipulation is to be construed as an admission by either side, and both parties reserve their rights to fully litigate this case on its merits, as well as to move for further modification or dissolution of this preliminary injunction at any time, with the opposing party reserving the right to move for expedited discovery if needed to respond to such motion.

THEREFORE, IT IS HEREBY STIPULATED by and between the parties and ORDERED BY THE COURT, as follows:

1. **IT IS ORDERED** that, pending a final disposition of this case, Defendant, and each of his agents, servants, employees, attorneys and other persons in active concert or participation with him who receive actual notice of the injunction by personal service or otherwise, are preliminarily enjoined and restrained from any ongoing and future violations of Section 17(a) of the Securities Act of 1933, by, directly or indirectly, singly or in concert, in the offer or sale of securities and by the use of the means or instruments of transportation or communication in interstate commerce or the mails, (1) knowingly or recklessly employing one or more devices, schemes or artifices to defraud, (2) knowingly, recklessly, or negligently obtaining money or property by means of one or more untrue statements of a material fact or omissions of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, and/or (3) knowingly, recklessly, or negligently engaging in one or more transactions, practices, or courses of business which operate or would operate as a fraud or deceit upon the purchaser.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with any person described in (a).

2. **IT IS FURTHER ORDERED** that, pending a final disposition of this case, Defendant, and each of his respective agents, servants, employees, attorneys and other persons in active concert or participation with him who receive actual notice of the injunction by personal service or otherwise, are preliminarily enjoined and restrained from any ongoing and future violations of Section 9(a)(2) of the Securities Exchange Act of 1934 by, directly or indirectly, alone or with one or more other persons, effecting a series of transactions in any security registered on a national securities exchange, any security not so registered, or in connection with any security-based swap or security-based swap agreement with respect to such security creating actual or apparent active trading in such security, or raising or depressing the price of such security, for the purpose of inducing the purchase or sale of such security by others.

   **IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with any person described in (a).

3. **IT IS FURTHER ORDERED** that, pending a final disposition of this case, Defendant, and each of his respective agents, servants, employees, attorneys and other persons in active concert or participation with him who receive actual notice of the injunction by personal service or otherwise, are preliminarily enjoined and restrained from any ongoing and future violations of Section 10(b) of the Securities Exchange Act of 1934, and Rule 10b-5 thereunder, by, directly or indirectly, singly or in concert, in connection with the purchase or sale of securities and by the use of means or instrumentalities of interstate commerce, or the mails, or the facilities of a national securities exchange, knowingly or recklessly (i) employing one or more devices, schemes, or artifices to defraud, (ii) making one or more untrue statements of a material fact or omitting to state one or more material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, and/or (iii) engaging in one or more acts, practices, or courses of business which operate or would operate as a fraud or deceit upon other persons.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with any person described in (a).

4. **IT IS FURTHER ORDERED** that, pending a final disposition of this case, the Defendant, and any person or entity acting at his direction or on his behalf, are hereby enjoined and restrained from destroying, altering, concealing, or otherwise interfering with the access of the Commission (to the extent permitted by the Federal Rules of

Civil Procedure or any relevant statute) to any and all documents, books, and records that are in the possession, custody or control of the Defendant, his respective officers, agents, servants, and employees, and those persons in active concert or participation with him, that concern, refer, reflect, or relate to the allegations in the Complaint, including, without limitation, documents, books, and records concerning, referring, reflecting, or relating to the Defendant's finances or business operations, or the offer, purchase or sale of securities offered or sold by or through the Defendant and the use of proceeds therefrom.

5. **IT IS FURTHER ORDERED** that, pending a final disposition of this case, the Defendant and each of his financial and brokerage institutions, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of this Order by personal service, facsimile service, telephonic notice, notice by email, or otherwise, and each of them, shall hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal of, all funds and other assets held by, or under the direct or indirect control of the Defendant (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever), up to $6.9 million (subject to the exceptions below), whether held in his name or for his direct or indirect beneficial interest wherever situated, in whatever form such assets may presently exist, and each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds or other property of the Defendant is directed to hold or retain within its or his or her control and prohibit

the withdrawal, removal, transfer or other disposal of any such assets, funds or other properties, including, but not limited to, Gallagher's account at TD Ameritrade ending 5991; Gallagher's wife's (Kristin Gallagher) account at TD Ameritrade ending in 9559; Gallagher's accounts at E*Trade ending in 3454 and 9069 and Gallagher and his wife's joint account at E*Trade ending in 3565; and Gallagher's account at Citibank ending in 7455. Upon the written agreement of the parties, if any, Defendant may liquidate specified assets in accordance with the terms of such agreement and hold them in an alternate, approved frozen form.

6. **IT IS FURTHER ORDERED THAT**, pending a final disposition of this case, the Defendant is permitted to use (1) the funds currently held in the Fifth Third bank - 7581 and -1634 accounts *and* (2) any income generated from CMS and the Gallagher Group for any and all business expenses, daily living expenses, educational expenses of his daughter, and legal fees.

    Defendant is also permitted to use (and liquidate) the fiat currency and crypto-assets currently held in Defendant's Coinbase account for the payment of legal fees and any applicable retainer required by counsel. To facilitate the payment of legal fees using the fiat currency and crypto-assets held in Defendant's Coinbase account, Defendant is allowed to use a joint bank account in his name (together with his wife) at Fifth Third bank (ending in -0128) to facilitate wire transfers from Coinbase and then on to legal counsel.

    Defendant will submit monthly statements and documents to the Commission, as requested, which are reasonably necessary to reflect the expenditure of the funds from the -7581, and -1634 accounts, in accordance with this Order.

7. **IT IS FURTHER ORDERED THAT** this Order is without prejudice to: (1) the Defendant's right to move to modify the asset freeze for additional living expenses and legal fees (or to dissolve altogether the asset freeze) and the Commission's right to oppose any such motion; and (2) either party's right to move to modify or dissolve any other portion of this Order and the other party's right to oppose any such motion.

8. **IT IS FURTHER ORDERED THAT** the Commission's right to take expedited discovery pursuant to the TRO is hereby terminated, although it may continue to receive, and must share with the Defendant within five business days of receipt, any documents previously subpoenaed from third parties pursuant to the TRO. This is without prejudice to either party's right to move for expedited discovery for any reason otherwise permitted by the Federal Rules of Civil Procedure.

Dated: November 28, 2021

/s/ Kevin P. McGrath
Kevin P. McGrath

SECURITIES AND EXCHANGE
COMMISSION
New York Regional Office
Brookfield Place
200 Vesey Street, Suite 400
New York, New York 10281-1022
212-336-0533
mcgrathk@sec.gov

*Attorney for Plaintiff*

/s/ Eric Rosen
Eric Rosen
ROCHE FREEDMAN LLP
470 Atlantic Ave, Fl. 4
Boston, Massachusetts 02210
(617) 977-4163
erosen@rochefreedman.com

*Counsel to Defendant Steven M. Gallagher*

Based on the foregoing, it is

SO ORDERED, this 30th day of Novbr, 2021.   10:33am

P. Kevin Castel, United States District Judge