**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>-against-<br><br>STEVEN M. GALLAGHER, a/k/a "Alexander DeLarge 655321,"<br><br>Defendant. | 21 CV 08739 (PKC)(GWG) |

**[PROPOSED] PROTECTIVE ORDER CONCERNING PRIVACY INFORMATION**

**WHEREAS**, the parties to this action are beginning discovery and have agreed to abide by the terms of this proposed Protective Order concerning the treatment of personal privacy information and attorneys' eyes only information;

**ACCORDINGLY, IT IS HEREBY ORDERED THAT**:

1. **Scope.** All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials that may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning personal privacy information as set forth below. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure ("Rules") on matters of procedure and calculation of time periods.

2. **Privacy Information.** The term "Privacy Information" shall mean documents containing an individual's social security number or taxpayer identification number (other than only the last four digits thereof), an individual's birth date (other than only the year of the

individual's birth), the name of an individual known to be a minor (other than only the minor's initials), or a financial account number (other than only last four digits thereof). With regard to Privacy Information that any party has obtained during the course of discovery in this case, that party will not disclose or use such Privacy Information other than for purposes of litigating this case, subject to the following exceptions:

**(a)** The Order shall not limit or restrict the Commission from using or disclosing Privacy Information to the extent otherwise required by law or permitted pursuant to the terms of Commission Form 1662.

**(b)** The Order shall not limit or restrict the Defendant from using or disclosing the Privacy Information in the related criminal case currently pending against him in the Southern District of New York, subject to Defendant's obligation to comply with Federal Rule of Criminal Procedure 49.1 and any and all other obligations concerning use of such information in the related criminal case.

**(c)** The Order shall not apply to Privacy Information that any party obtained or obtains independently of materials produced or provided to it as part of discovery in this case.

**(d)** The Order shall not limit or restrict the ability to file Privacy Information in this case, or present, disclose, or use Privacy Information at trial, depositions, hearings or other proceedings in this case, subject to paragraph 3 below.

**(e)** The Order shall not alter the parties' obligations to comply with the requirement of Local Civil Rules 5.2(a) and (b).

3. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information containing Privacy Information are subject to protection under Rule 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

4. **Attorneys' Eyes Only.** The parties shall have the right to designate as "ATTORNEYS' EYES ONLY" and subject to this Order certain information, documents, and/or things separately agreed to as subject to this designation by the producing party to opposing counsel ("Attorneys' Eyes Only Material"). The producing party shall mark the same with the following or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only").

5. Material produced and marked as "Attorneys' Eyes Only" may be disclosed only to counsel for the receiving party and to such other persons as counsel for the producing party agrees in advance or as Ordered by the Court.

6. In the event a party challenges another party's designation of Attorneys' Eyes Only, the parties or their counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court.

7. Use of Attorneys' Eyes Only Material. The provisions of this Protective Order shall not be construed as preventing the use or disclosure of Attorneys' Eyes Only material in any deposition or trial held in this action, provided that 3 days' notice has been given to opposing counsel, and subject to the Rules and the Court's Individual Practices in Civil Cases.

3

In the event that any material previously designated as Attorneys' Eyes Only material becomes public in a legal proceeding, that material will no longer be afforded confidential treatment under this Order.

8.  **No Admission**. Nothing in this Order operates to create an admission by any party that any material disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all material disclosed, in accordance with applicable law and Court rules.

9.  **Persons Bound**. This Order shall take effect when entered and shall be binding upon the parties, their counsel, and persons made subject to this Order by its terms.

10. Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with the first paragraph of this Order, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to

alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

**STIPULATED AND AGREED BY:**

Dated: New York, NY
March 26, 2024

/s/ *Abigail Rosen*
Abigail E. Rosen
SECURITIES AND EXCHANGE
 COMMISSION
100 Pearl Street
New York, NY 10004
(212) 336-0473 (Rosen)
rosenab@sec.gov

Dated: New York, NY
March __, 2024

Eric S. Rosen
Dynamis LLP
225 Franklin Street, 26th Floor
Boston, MA 02110
(617) 802-9157
erosen@dynamisllp.com
*Attorney for Defendant Steven M. Gallagher*

**IT IS SO ORDERED.**

Dated: March 26, 2024.

Honorable P. Kevin Castel
United States District Judge