UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,                21-cv-8739 (PKC)

    -against-

                                             ORDER

STEVEN M. GALLAGHER,

                Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        The Securities and Exchange Commission ("SEC") seeks to compel production of certain documents from defendant Steven M. Gallagher's Twitter account. (ECF 100.) Gallagher resists production, arguing as follows: (1) the documents are not in his possession; (2) the SEC's request is a fishing expedition; (3) it seeks documents that are cumulative of other materials that have been produced; (4) it is disproportionate to the size and needs of the case, citing Rule 26(b)(1), Fed. R. Civ. P.; (5) the documents are not material to the case; and (6) the SEC already possess or constructively possess the documents because, in Gallagher's view, it conducted a joint investigation with the Office of the United States Attorney for the Southern District of New York (the "USAO") and if the SEC feels it needs or wants the documents, they should be subpoenaed by the SEC from USAO. (ECF 103.)

        The Court has considered all of the arguments and evidence submitted by the parties and need only be brief.

        The documents at issue were obtained by the USAO in response to a search warrant for Gallagher's Twitter account served on Twitter in connection with a parallel criminal investigation of Gallagher's stock trading activities. The USAO has advised Gallagher that it

1

will produce the Twitter search warrant returns to him at his request.  (Rosen Decl. (ECF 101) at ¶ 39 & Ex 9.)  To date, he has declined to request the returns.  (Id. at ¶ 44.)

The SEC has served document requests, pursuant to Rule 34, Fed. R. Civ. P., for documents that, by way of examples, include direct messages ("DMs") between Gallagher and Jennifer Rosebrugh, an alleged confederate of Gallagher, and also other documents that refer to specific ticker symbols.  The SEC points out that it has some DM documents between Rosebrugh during a narrow three-week time frame but not others that may be relevant.  Similarly, it has some lines of text from DMs referring to certain tickers but not the balance that may provide context.

Rule 34(a), Fed. R. Civ. P., provides that "[a] party may serve on any other party a request . . . (1) to produce . . . [documents] . . . in the responding party's possession, custody or control . . . ."  A party is not obligated to produce documents "that it does not possess or cannot obtain."  Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 138 (2d Cir. 2007).  But a party can be compelled to produce documents if he "has access and the practical ability to possess [the] documents. . . ."  Id. (citation omitted).  The Court comfortably concludes that Gallagher has access to and the practical ability to possess the search warrant returns presently in the hands of the USAO.  The circumstance presented is not materially different from a package of documents addressed to a party available for pick up by the party at the Post Office upon the furnishing of identification and a signature.  That the SEC might be able to obtain the documents from a third-party, in this case, the USAO, through a subpoena, as Gallagher suggests, does not dispense with Gallagher's obligations as a party.  Gallagher has not demonstrated that it is more convenient to pursue the documents by subpoena than for Gallagher to obtain and produce those that are relevant.

Neither the SEC nor Gallagher definitively know the full content of Twitter's production in response to the search warrant, but the SEC has comfortably demonstrated that its document request is not a fishing expedition.  It does not seek the entirety of the search warrant return but rather specifically identified categories of documents of potential relevance to its claims.  The requests are proportional to the size and needs of the case, likely to result in the production of non-cumulative material, and otherwise proper.

The Court GRANTS the SEC's motion to compel (ECF 100) and ORDERS Gallagher to produce by June 3, 2024 all non-privileged, non-work product documents responsive to the SEC's First Request for Production of Documents (ECF 100-2) that are in Gallagher's possession, custody or control, which the Court concludes is inclusive of those documents within the Twitter search warrant return available for pick up by Gallagher.  If Gallagher asserts that any documents or other materials are protected by the attorney-client privilege or are attorney work product, he shall also comply with Local Civil Rule 26.2 by June 3, 2024.  Failure to fully comply with this Order will result in the imposition of a sanction authorized by Rule 37, Fed. R. Civ. P.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       May 10, 2024