UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,

                 Plaintiff,                         21-cv-8739 (PKC)

      -against-                              ORDER

STEVEN M. GALLAGHER,

                 Defendant.
---------------------------------------------------------------x

CASTEL, U.S.D.J.

       The defendant seeks to compel the production of discovery from the plaintiff and sanction the plaintiff and/or its attorneys for not producing discovery during the fact discovery period.

       The extended date for completion of fact discovery was September 6, 2024. In reliance upon the passage of that deadline, the Court held a conference and set a schedule on a October 2 and set a summary judgment schedule. At the October 2 conference, each side confirmed on the record that discovery was closed. (Oct. 2 Tr. 2-3) There was an allusion by defendant to an issue that the parties were discussing but neither party made application to reopen the expired period for conducting discovery. (Id.)

       Defendant endeavors to excuse the delay by pointing out that the SEC has made additional productions after the close of discovery. But a party has an ongoing obligation to produce discovery that comes within its control or comes to its attention. "Rule 26 . . . imposes an ongoing duty to supplement said disclosures." Moran Towing Corp. v. Young, 597 F. App'x 33, 34 (2d Cir. 2015)(summary order)(citing Rule 26(e), Fed. R. Civ. P.) That duty is independent of any Court ordered close of fact discovery.

       The materials that defendant now seeks to compel by defendant's own admission sought during discovery. (Eric S. Rosen Letter of October 7, 2024, ECF 120) ("The defense has

asked over and over again in discovery for the SEC to produce or provide the defense with any

evidence in its possession that others were responsible for the "artificial price increases" that they

assert Mr. Gallagher is responsible for.") The time to compel production of "long sought" (Id.)

discovery has passed.

The Court will require that the SEC to confirm it writing in a letter to be filed by

October 11, 2024, that it acknowledges its duty to supplement in compliance with Rule 26(e) and

that it is current in its supplementation, including with respect to the database referenced in

defendant's letter if it is, in fact, in the possession or control of the SEC.

Letter motion (ECF 120) is DENIED.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated:  New York, New York
        October 8, 2024