UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,

                                  Plaintiff,                    21-cv-8739 (PKC)

    -against-                                           ORDER

STEVEN M. GALLAGHER,

                                Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        This Order addresses the application of defendant Steven M. Gallagher to compel the SEC to produce documents relating to tips, complaints, referrals or investigations into manipulations of any of the 59 stocks at issue by persons other than Gallagher, including through utilizing an internal database known as HUB. The SEC opposes the relief on various grounds. For reason that will be explained, the Court denies Gallagher's application.

        The SEC has charged Gallagher with conducting what it describes as a "scalping" scheme in which the defendant "(i) acquires shares of a stock; (ii) recommends that others purchase the stock without disclosing his intention to sell; and (iii) subsequently sells the stock for his own benefit." (Second Amended Complaint, ECF 58 at ¶8.) In this action, the SEC seeks various forms of injunctive relief, civil penalties and disgorgement of ill-gotten gains (Id. at pp. 241-42.)

        Discovery in this action was originally set to close on July 24, 2024. (ECF 94.) Fact discovery was extended to September 6, 2024. (ECF 107.) Neither party sought a further extension of the period and no application to compel discovery from the SEC was made by Gallagher. Indeed, with the close of fact discovery, each side sought to schedule a summary judgment motion (ECF 111, 112.)

1

At an October 2, 2024 conference the Court inquired of Gallagher's counsel whether all discovery had been completed and he confirmed that discovery was closed. (10/2/24 Tr. at 2.) Gallagher's counsel referred to the existence of an issue that the parties were discussing to which the Court responded "My view of it is discovery is closed in this action. No one approached me before the discovery cutoff on a discovery dispute. I wouldn't be having this conference if discovery is not concluded in this case." (Id. 2-3.) Gallagher's counsel expressed no disagreement. ("Right;" Id. at 3.) The Court extended the date for expert discovery, set a schedule for final pre-trial submissions and a final pre-trial conference.

On October 7, Gallagher sent a letter to the Court seeking further fact discovery in this action. (ECF 120.) It sought to justify the untimeliness of the request pointing out that the SEC had made further productions after the close of fact discovery. In an October 8 Order (ECF 123), the Court noted that the mere fact that additional productions were made after the close of fact discovery was of little significance because there was an on-going duty of the parties to supplement their production, citing Moran Towing Corp. v. Young, 597 F. App'x 33, 34 (2d Cir. 2015)( "Rule 26 . . . imposes an ongoing duty to supplement said disclosures.") The Order concluded by requiring "the SEC to confirm it writing in a letter to be filed by October 11, 2024, that it acknowledges its duty to supplement in compliance with Rule 26(e) and that it is current in its supplementation, including with respect to the database referenced in defendant's letter if it is, in fact, in the possession or control of the SEC" and otherwise denying the defendant's application. The Court did not know or apprehend that a timely objection had been made by the SEC that covered the materials that Gallagher was seeking, and that Gallagher made no effort to challenge the objection during the extended discovery period. Thus, the Court's reference to supplementing production of materials in categories to which a timely objection was made but not challenged before the close of discovery was in error.

On October 11, 2024, the Court learned that the database that lay at the heart of Gallagher's request, known as HUB, "allows the SEC to track the status of investigations and litigations; it is not a repository of investigative files." (ECF 124.)[1] The SEC does not dispute that Gallagher sought documents that would tend to show that individuals other than Gallagher caused or contributed to any of the price movements of any of the 59 stocks. (Id.) But the SEC has taken the position throughout the fact discovery period that it would only produce documents within the possession, custody, or control of those who conducted the investigation and litigation of this particular matter relating to Gallagher's activities:

> The Commission objects to the Requests in as much as they purport to include within their scope divisions and persons of the Commission not directly involved in or who did not conduct the Investigation and Litigation. To the extent the Requests seek documents obtained or created by divisions and employees of the Commission other than those directly involved in, or who conducted, the Investigation and Litigation, the Commission objects to those Requests on the grounds that they seek information that is both not relevant to any party's claim or defense and not proportional to the needs of the case. The Commission will produce only those nonprivileged, responsive documents within the possession, custody, or control of the Division of Enforcement employees directly involved in or who conducted the SEC Investigation and Litigation unless otherwise noted.

(ECF. 123-5 at ¶ 13.)[2] Gallagher was on full and fair notice as of the date of the foregoing objection, March 29, 2024, that the SEC was declining to search other investigative files for information relevant to his discovery requests, but Gallagher made no effort to challenge the objection until after the close of fact discovery. That Gallagher only learned of a possible manipulation of one of the stocks at issue (ENZC) after the close of

---

[1] The SEC has submitted the DiBattista Declaration detailing the contours of the information contained in the HUB database and confirming that "it is not used as a repository of investigative files or evidence obtained during an investigation." (ECF 129-1 at ¶5.)
[2] The SEC's objection defined the Investigation, the Investigative File and the Litigation with specificity. (ECF 123-5 at ¶¶ 1, 4 & 5.)

discovery, a fact the SEC disputes,³ does not exempt Gallagher from the need to have timely challenged the SEC's position quoted above. Gallagher's request for discovery will be denied as untimely.

The Court also concludes that the discovery is not proportional to the needs of the case taking account of all considerations, particularly the marginal importance of the discovery to the particular the issues in the case and the burden of pursuit of the discovery. The SEC has come forward with the DiBattista Declaration that the 59 stocks at issue in this action are referenced in "90 distinct investigative files" in the possession of the SEC. (ECF 129-1 at ¶14.) To search those files for possibly responsive documents, many of which would be privileged and require logging, would be a "colossal undertaking" that "would almost certainly take well over a year" (Id. at ¶¶ 14 & 17.) Of course, actual filings of SEC enforcement actions are a matter of public record.

The nature of the relief sought in this action is relevant to the relative need for the discovery. This is not a private securities action in which issues of loss causation are in play. The SEC must prove violations of the Securities Act §§ 9(a)(2) & 17(a), or the Securities Exchange Act § 10(b) and Rule 10b-5. If it succeeds in proving one or more violations, the SEC may endeavor to demonstrate that the remedy of disgorgement of profits obtained by Gallagher is warranted. That one or more other persons also engaged in fraudulent, manipulative, or other wrongful conduct with respect to the same stock is of marginal significance to assessing whether Gallagher committed a violation or determining the amount of gain on his violation. See SEC v. First Jersey Securities, Inc., 101 F.3d 1450, 1474–75 (2d Cir. 1996) ("The district court has broad discretion not only in determining whether or not to order disgorgement but also in calculating the amount to be disgorged . . .

---

³ See ECF 123-12 (Tips, Complaiits and Referrals report relating to ENCZ, produced by the SEC in the course of discovery.)

4

The amount of disgorgement ordered 'need only be a reasonable approximation of profits causally connected to the violation,' [and] 'any risk of uncertainty [in calculating disgorgement] should fall on the wrongdoer whose illegal conduct created that uncertainty' . . .") (internal citations omitted.). The Court concludes that production of materials relating to investigations of other parties for violations of the securities laws is unduly burdensome and not proportional to the needs of the case.

The Court has considered entirety of the arguments of the parties (ECF 120, 123-125, 127-132) and defendant Gallagher's motion for additional discovery from the SEC is DENIED.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       November 5, 2024