UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SECURITIES AND EXCHANGE
COMMISSION,

                               Plaintiff,                        21-cv-8739 (PKC)

                 -against-                                      ORDER

STEVEN M. GALLAGHER, a/k/a "Alexander
Delarge 655321,"

                              Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.,

        Defendant Steven M. Gallagher moves to transfer this action to the Northern District of Ohio pursuant to 28 U.S.C. § 1404(a). (ECF 140.) His motion comes at a very late stage in this litigation. It has been over three years since the SEC commenced this action (ECF 1), and the final pretrial conference in this case is scheduled to be held in less than two months. (ECF 137.) For the following reasons, Gallagher's motion is denied.

        Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). This sets out a "two-part inquiry: first, whether the action to be transferred might have been brought in the transferee court; and second, whether considering the convenience of the parties and witnesses, and the interest of justice, a transfer is appropriate."[1] Lihuan Wang v. Phoenix Satellite Television US, Inc., 13-cv-218 (PKC), 2014

---

[1] The parties do not dispute that this action could have been brought in the Northern District of Ohio. Accordingly, only the second inquiry is at issue here.

WL 116220, at *2 (S.D.N.Y. Jan. 13, 2014) (internal quotation marks and citation omitted). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106 (2d Cir. 2006). "Among the factors to be considered in determining whether to grant a motion to transfer venue are, *inter alia*: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." New York Marine and General Insurance Co. v. Lafarge North America, Inc., 599 F.3d 102, 112 (2d Cir. 2010) (internal quotation marks and citation omitted). Courts also consider "the forum's familiarity with the governing law and trial efficiency and the interests of justice." Wang, 2014 WL 116220, at *2 (internal quotation marks and citation omitted). The burden is on the party moving to transfer to show by clear and convincing evidence that transfer is warranted. See New York Marine, 599 F.3d at 113-14.

    The late timing of Gallagher's motion presents issues concerning trial efficiency and the interests of justice that weigh very strongly against transfer. "The timing of a motion to transfer venue, although not by itself normally dispositive, is relevant." Commercial Union Insurance Co. v. Emery Air Freight Corp., 92-cv-6513 (LMM), 1995 WL 232757, at *1 (S.D.N.Y. Apr. 19, 1995). Indeed, courts in this Circuit have denied motions to transfer because, as here, they were submitted at an exceedingly late stage in a case. See id. (denying motion to transfer where plaintiff's direct case had already been submitted in writing as part of bench trial); Hamilton International Ltd. v. Vortic LLC, 414 F. Supp. 3d 612, 623-24 (S.D.N.Y. 2019) (denying motion to transfer made after close of discovery and plaintiff's summary judgment

motion); Mattel, Inc. v. Robarb's, Inc., 139 F. Supp. 2d 487, 491 (S.D.N.Y. 2001) (denying motion to transfer where parties had "already expended considerable time and expense in conducting discovery" and had filed a joint final pretrial order), partial reconsideration granted on other grounds, 00-cv-4866 (RWS), 2001 WL 797478 (July 12, 2001). In this case, all discovery has ended, and the parties are now well into the process of preparing their pretrial submissions in advance of the final pretrial conference scheduled for March 12.[2] (ECF 137.) In the more than three years that have passed since this case was commenced, the Court has, among other things, entered and modified a temporary restraining order against Gallagher (ECF 11 and 17), issued an opinion and order denying Gallagher's motion to dismiss (ECF 82), granted and denied various motions to compel (ECF 104, 122, and 134), and held three conferences. The Court has gained a close familiarity with this case. The Court concludes that to transfer this case at such a late stage would needlessly delay its resolution, requiring a new judge to expend significant resources in gaining familiarity with the action, and would not be in the interests of justice.

These concerns of trial efficiency and the interests of justice outweigh the remaining considerations, each of which the Court has evaluated. In brief, the Court first notes that to the extent the locus of operative facts is not centered in this forum, Gallagher could have made that argument much earlier in this litigation. In any event, the SEC's choice of forum is still entitled to some deference, so this factor weighs against transfer. Second, considerations of inconvenience and expense to Gallagher, as well as to potential witnesses, only weigh mildly in favor of transfer. Third, the location of relevant documents and relative ease of access to sources

---

[2] The Court previously vacated a trial date of April 7, 2025. (ECF 137.)

of proof, availability of process to compel the attendance of witnesses, and forum's familiarity with the governing law are all neutral factors.

For these reasons, and having considered the entirety of the parties' arguments, the Court concludes that Gallagher has not met his burden to show that transfer to the Northern District of Ohio is warranted. Gallagher's motion to transfer pursuant to 28 U.S.C. § 1404(a) is DENIED. The Clerk of Court is respectfully directed to terminate the motion at ECF 140.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       January 29, 2025