UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>-against-<br><br>STEVEN M. GALLAGHER, a/k/a "Alexander DeLarge 655321,"<br><br>Defendant. | 21 CV 08739 (PKC)(GWG)<br><br>ECF Case |

**JOINT PRE-TRIAL ORDER**

Pursuant to Part 6(A) of Court's Individual Practices, and the Amended Order Regarding Pretrial Schedule (ECF No. 137), Plaintiff Securities and Exchange Commission and Defendant Steven M. Gallagher submit this Joint Pre-Trial Order.

1. **The names, addresses, mobile phone numbers and email addresses of all counsel participating in the trial**

For Plaintiff
Abigail E. Rosen
Michael DiBattista
David Stoelting
New York Regional Office
100 Pearl Street
New York, New York 10004
(646) 673-3457 (Rosen)
(929) 465-4618 (DiBattista)
(202) 860-8984 (Stoelting)
rosenab@sec.gov
dibattistam@sec.gov
stoeltingd@sec.gov

For Defendant
DYNAMIS LLP
Eric S. Rosen
225 Franklin Street, 26th Floor
Boston, MA 02110

(617) 802-9157
erosen@dynamisllp.com

Kimberly A. Jones
11 Park Place, 4th Floor
New York, NY 10007
(212) 471-8526
kjones@dynamisllp.com

2. **Stipulations of fact and testimony**

The parties entered into a Stipulation dated June 11, 2024, which provided that Steven Gallagher was: (a) "the only person to post, manage or otherwise use" his Twitter account; and (b) "the sole person who has placed trades in certain brokerage accounts at TD Ameritrade and E-Trade," and that he was the only person to "manage or use" the accounts. The Stipulation is marked at PX. 79.

The parties are discussing additional stipulations that (1) screenshots or webcapture images of any or all Twitter postings made by the Defendant included in the Parties' exhibit lists are interchangeable with the excel or text version of the Twitter post for the purposes of admissibility;[1] and (2) that the parties waive hearsay and authenticity objections for all tweets made by the Defendant and trades placed by Defendant, but the parties preserve all relevancy objections; and (3) that the brokerage records for Steven Gallagher's TD Ameritrade and E-Trade accounts, and the records for the TDA account in the name of Kristen Gallagher, which Steven Gallagher controlled, are admissible without objection.

3. **A statement of the claims and defenses that remain to be tried**

Plaintiff's Statement

[1] Defendant notes that many of the gifs and images contained within the tweets and DMs can alter the meaning of the tweets and DMs, and therefore, reserves rights to object to the admissibility of an Excel version of the tweets and DMs that does not include images. Defendant also objects to any documents that fail to distinguish between his retweets and tweets.

The claims to be tried are the SEC's claims in the Second Amended Complaint under: (a) Section 17(a) of the Securities Act of 1933; and (b) Sections 10(b) and 9(a)(2) of the Securities Exchange Act of 1934, and Rule 10b-5 thereunder, based on the evidence developed to support these claims during the SEC's investigation and during discovery.

Plaintiff objects to Defendant's Statement because it includes multiple issues that are not issues to be tried before a jury, including Defendant's claim that the complaint fails to state a cause of action, that the SEC has not established venue, and any open issue under the motion *in limine*.

Defendant's Statement

*First*, Defendant preserves all of his Affirmative Defenses in his Answer (Dkt. No. 93), to the extent they are applicable to the trial phase, including: the Complaint fails to state a cause of action and should be dismissed; the Complaint and each allegation of fraud and misrepresentation therein fails to aver the circumstances constituting fraud with particularity in accordance with Federal Rule of Civil Procedure 9(b) and all such allegations should accordingly be dismissed; Defendant's tweets were not false or misleading and he did not enter into a scheme to defraud; Defendant did not act with the requisite degree of scienter necessary to create liability as alleged by Plaintiff in the Complaint; the Defendant's alleged misstatements and omissions were not material; Complaint fails to allege that the actions of Defendant caused the losses for which they seek recovery, and the Complaint should be dismissed; the damages, if any, suffered were caused by the actions of unrelated third parties for which the Plaintiff is not entitled to recover from Defendant; any alleged damage or harm, if any, were the direct and proximate result of intervening and superseding events over which Defendant had no authority or control and for which Defendant is not responsible; the alleged violations are the result of unrelated,

preexisting, or subsequent conditions unrelated to the Defendant's conduct; no person or entity suffered any cognizable damages from the conduct of Defendant alleged in the Complaint; the relief sought against Defendant is grossly disproportionate to the conduct alleged.

*Second*, Defendant asserts that each and every element of the SEC's claims have not been met, including under: (a) Section 17(a) of the Securities Act of 1933; and (b) Sections 10(b) and 9(a)(2) of the Securities Exchange Act of 1934, and Rule 10b-5 thereunder. For example, the Defendant asserts that the SEC has not shown his statements to be false or misleading; has not shown that he acted with the required scienter; and, has not shown that his statements were material to a reasonable investor.

*Third*, the Defendant asserts and preserves all his arguments concerning the admissibility of evidence as set forth in his motions *in limine*.

*Fourth*, the Defendant asserts that the SEC has not established venue in this action as a result of newly released information, and has petitioned the Court to amend his answer in accordance with this defense.

4. **A statement by each party as to whether the case is to be tried with or <u>without a jury, and the number of trial days needed</u>**

The Parties agree that this case is to be tried with a jury.

Plaintiff expects that up to seven trial days are needed to present Plaintiff's case-in-chief.

Defendant believes, given the volume of exhibits, alleged false statements and number of stocks that seven trial days is wholly unrealistic. Defendant expects to require about 8 trial days to put on its defenses (but this number may change based on the SEC's evidence and expected testimony).

5. **A page and line designation of deposition testimony to be offered by each party on the party's case-in-chief, with any cross-designations and <u>objections by any other party</u>**

*See* Exhibit A, which contains the parties' designations, cross-designations, and objections. The parties reserve the right to amend these designations, cross-designations, and objections as necessary. Exhibit A also includes transcript excerpts for the two witnesses that the SEC expects may not be available for trial. Defendant objects to a distinction between "transcript excerpts" and designations by the SEC, as a date for trial has not been set and it is premature to decide if any witness is, or is not, available for trial. In the case any of Plaintiff's witnesses are unavailable for trial, the defense preserves all objections to any designations.

6. **A list by each party of exhibits to be offered in the party's case-in-chief, with one star indicating exhibits to which no party objects on grounds of authenticity, and two stars indicating exhibits to which no party objects <u>on any ground</u>**

*See* Exhibit B for Plaintiff's proposed list of exhibits to be offered in Plaintiff's case-in-chief, along with Defendant's objections. Plaintiff has informed Defendant that it is working on creating new versions of certain summary exhibits, to reduce size and remove irrelevant information, and will make other minor adjustments as necessary.

*See* Exhibit C for Defendant's proposed list of exhibits to be offered in Defendant's case-in-chief, along with Plaintiff's objections. Defendant has informed Plaintiff that it intends to make minor adjustments to the exhibit list as the case progresses towards trial.

The parties agree that exhibits designated with two stars, indicating an exhibit to which the opposing party does not object on any ground, must still be admitted through the proper witness and with adequate foundation, and that to the extent a party does not establish such foundation, the opposing party preserves the right to object notwithstanding the prior designation of two stars. The parties reserve the right to amend these proposed exhibit lists as necessary.

7. **A statement of the damages claimed and any relief sought, including the manner and method used to calculate the claimed damages and a**

**breakdown of its elements**

Plaintiff's Statement

In this civil enforcement action, the SEC seeks injunctive relief, disgorgement, pre-judgment interest, civil penalties, and such other equitable relief as may be appropriate. As a result, a calculation of damages is inapplicable.

In the event that the SEC prevails on any of its claims, the Court shall determine the appropriate amount of disgorgement, prejudgment interest and civil monetary penalties, if any, after the jury renders its verdict according to the criteria described in the applicable statutory provisions.

With respect to disgorgement, after the jury trial, the SEC intends to seek an order requiring the Defendant to disgorge the amount of his ill-gotten gains received as a result of the violations proven at trial and to pay pre-judgment interest thereon.

With respect to penalties, after the jury trial, the SEC intends to seek an order requiring the Defendant to pay civil monetary penalties pursuant to Section 20 of the Securities Act of 1933 and Section 21(d) of the Securities Exchange Act of 1934 for the charges proven at trial.

Defendant's Statement

The Defense objects to the above-recitation as not being compliant with Judge Castel's Individual Practices because it does not include the "manner and method used to calculate the claimed damages and a breakdown of its elements." Further, the SEC's "expert" specifically testified that he could not establish causation between the Defendants' tweets and any price increases, thereby eliminating any chance at restitution. Moreover, the SEC is not alleging that any of his conduct caused any price decreases. Accordingly, the SEC has not proven any entitlement to disgorgement (even if liability is found), and the defense believes that any such

remedy should be eliminated.

**8. <u>Other Pre-Trial Documents</u>**

Plaintiff's current proposed Witness List is enclosed as Exhibit D.

Defendant's current proposed Witness List is enclosed as Exhibit E.

Plaintiff's proposed Jury Instructions is enclosed as Exhibit F.

Defendant's proposed Jury Instructions is enclosed as Exhibit G.

Plaintiff's proposed Voir Dire is enclosed as Exhibit H.

Defendant's proposed Voir Dire is enclosed as Exhibit I.

Plaintiff's proposed Verdict Form is enclosed as Exhibit J.

Defendant's proposed Verdict Form is enclosed as Exhibit K.

The parties reserves their right to update these lists as necessary.

**9. <u>Certifications</u>**

On February 18 & 19, 2025, the lead trial counsel for each party met face-to-face for the purpose of endeavoring to reach agreement upon stipulations of fact and stipulations of testimony and the content of their stipulations.

Dated: New York, New York
February 19, 2025

Respectfully submitted,

/s/ Abigail E. Rosen
Abigail E. Rosen
Michael DiBattista
David Stoelting
New York Regional Office
100 Pearl Street
New York, New York 10004
(646) 673-3457 (Rosen)
(929) 465-4618 (DiBattista)
(202) 860-8984 (Stoelting)

/s/ Eric S. Rosen
DYNAMIS LLP
Eric S. Rosen
225 Franklin Street, 26th Floor
Boston, MA 02210
(617) 802-9157
erosen@dynamisllp.com

Kimberly A. Jones
11 Park Place, 4th Floor

rosenab@sec.gov
dibattistam@sec.gov
stoeltingd@sec.gov

New York, NY 10007
(212) 471-8256
kjones@dynamisllp.com