UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,

                            Plaintiff,                        21-cv-8739 (PKC)

    -against-                                         ORDER

STEVEN M. GALLAGHER,

                            Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Defendant Steven M. Gallagher seeks to amend his answer to assert a defense of improper venue. His letter motion of February 6, 2025 (ECF 167) will be treated as a motion to amend to which plaintiff has responded (ECF 170) and Gallagher has replied (ECF 171). The motion to amend will be denied on the basis of the waiver provision of Rule 12(h)(1), Fed. R. Civ. P.

        A defense of improper venue must be asserted in a responsive pleading and may be raised by motion. Rule 12(b)(3), Fed. R. Civ. P. It is an enumerated defense that is waived if a party fails to raise it by motion, omits it from a Rule 12 motion made on other grounds, or does not include it in a responsive pleading or in an amendment allowed "as a matter of course." Rule 12(h)(1).

        Gallagher did make a Rule 12(b) motion to dismiss the Second Amended Complaint on October 26, 2022, but did not raise improper venue as a ground for dismissal. (ECF 72.) Gallagher answered the Second Amended Complaint on January 22, 2024, asserting 10 affirmative defenses that did not include improper venue. (ECF 93.) Rule 15(a)(1), Fed. R. Civ. P., permits a party to amend its pleading "once as a matter of course no later than" 21 days after service. That period expired nearly a year before the letter motion. Thus, an amendment at this juncture by leave of court and not "as a matter of course" may not revive a waived defense of improper venue. See Tri-State Emp. Servs., Inc. v. Mountbatten Sur. Co., Inc., 295 F.3d 256, 260

1

n.2 (2d Cir. 2002) ("because defendant failed to raise any venue challenge in a pre-answer motion or responsive pleading . . . defendant is deemed to have waived any objection to venue."); Lehrer v. J&M Monitoring, Inc., 20-cv-6956 (KMK), 2022 WL 2392441, at *4 (S.D.N.Y. July 1, 2022) (waiver of objection to venue when time to amend as of course expired); Hartling v. Woodloch Pines, Inc., 97-cv-2587 (JSM), 1998 WL 575138, at *1 (S.D.N.Y. Sept. 8, 1998) (collecting cases).

Gallagher's assertion that a defense of improper venue was not "available" to him at an earlier time is without merit. There are circumstances where a defense is not available at an earlier juncture but has become available as a matter of law. If, for example, a joinder of an additional plaintiff on a new claim renders the defense "available" when it was never available before, Rule 12(g)(1), Fed. R. Civ. P., may permit a second Rule 12 motion. But that is not what Gallagher asserts here. Essentially, he claims he relied on plaintiff's allegation of venue. (ECF 58 ¶ 29.) But Gallagher has demonstrated that he is quite capable of not accepting plaintiff's allegations at face value and instead denying sufficient information to form a belief about the truth of an allegation. (See, e.g., ECF 93 ¶¶ 44, 51-53.) The defense of improper venue was legally available to him, but he did not assert it and, indeed, admitted the allegation of proper venue. (Id. ¶ 29.)

The motion to amend the answer to assert the defense of improper venue is DENIED.

SO ORDERED.

P. Kevin Castel<br>
United States District Judge

Dated: New York, New York
      February 20, 2025