

August 19, 2025

**By ECF**

The Honorable P. Kevin Castel
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 11D
New York, NY 10007

       Re:  *SEC v. Gallagher*, No. 1:21-cv-08739-PKC

Dear Judge Castel:

      We write on behalf of Defendant Steven M. Gallagher to respectfully request that this Court order the SEC to properly redact TD Ameritrade ("TDA") internal communications in compliance with this Court's July 16, 2025 Order. The SEC opposes this request. The next scheduled Court appearance is trial on September 8, 2025.

      The defense will not rehash the arguments made at the July 16, 2025 Pre-Trial Conference (the "Conference") other than to explain that this Court ruled on the SEC's permissible use of any internal TD Ameritrade communications.[1]

      The Court ruled that "internal deliberations within TD Ameritrade are not admissible evidence of anything. They may be business records, but they are hearsay back and forth, and I think they have very little probative value." Transcript of July 16, 2025 Final Pre-Trial Conference ("Tr." or "Transcript") at 54:7-11. More specifically, the Court held that no internal TD Communications are "coming in for the truth of its content but for the fact that it was said to Gallagher and what Gallagher's response was, period." *Id*. at 55:20-23.

      The Court explained that, "[i]f it's what was told to Gallagher and how Gallagher responded, that I will allow. Otherwise, redact and show the redactions to opposing counsel." Tr. at 55:8-10. Furthermore, the Court clarified that "[i]n terms of internal deliberations within TD Ameritrade, they must be redacted. If you have a portion there **where there is a line** that says, we told Gallagher X, that's a different story." As an example, the Court stated "if it's, I spoke to Fred in the compliance department and he brought a good point and Sue

---

[1] This issue was included in the various motions *in limine* this Court ruled upon during the July 16, 2025 hearing. *See* Dkt. No. July 16, 2025 ("Minute Entry for proceedings held before Judge P. Kevin Castel: Final Pretrial Conference held on 7/16/2025, Motion(s) 144, 151, 153, 155, 157, 159, 161, and 163 are terminated. See transcript.").

things this, it's not coming in." *Id*. at 54:19-24 (emphasis added).

The SEC then asked for additional clarification, giving the example, "we do have internal emails of TDA employees in which they state, we have flagged this, please tell him, and then there is a response from the agents on the front line that say he called in, he said he didn't know, can we release the hold." *Id*. at 55:1-7. In response, this Court once again stated, "[i]f it's what was told to Gallagher and how Gallagher responded, that I will allow. Otherwise, redact and show the redactions to opposing counsel." *Id*. at 55:8-10.

The SEC has only complied with one portion of this Court's ruling—it has shown the redactions to opposing counsel. However, the SEC proposes to leave unredacted internal communications that go far beyond what was told to Mr. Gallagher and how he responded. Instead, the SEC takes the position that "TDA's views can be relevant…" and are "part of the narrative of what was told to Gallagher." *See* Exhibit A, August 13, 2025 Email Chain Between Counsel for the Parties ("Ex. A" or "Exhibit A") at 2 (quotation omitted). Because of this, the defense has been forced to file this motion.[2]

\*   \*   \*   \*

On August 11, 2025, the SEC provided the defense with proposed redactions for four exhibits comprised of internal TDA communications—PX 441, 443, 444, and 476 (the "TDA Exhibits"). *See* Ex. A at 4-5. There is no dispute that these exhibits are TDA internal deliberations—conversations via Slack, TDA's internal chat messaging system.

Later that day, the defense responded to the SEC with objections to the proposed redactions. *Id*. at 3-4. The defense provided the SEC with highlighted versions of its proposed TDA Exhibits, denoting additional messages that need to be redacted to comply with the Court's Order.[3] *Id*. The SEC would not modify its proposed redactions, stating that the SEC's "proposed redactions are both appropriate and consistent with the Court's ruling." *Id*. at 2. Mr. Gallagher addresses each of the four exhibits in turn below.

i. **PX 441**

TDA Exhibit PX 441 is an August 12, 2020, internal TDA Slack conversation between TDA employees Adam Striebel and Samuel Rowe. *See, generally,* Ex. B. Mr. Gallagher is *not* included on this Slack conversation. Second, Striebel messages Rowe after seeing *internal notes* associated with Mr. Gallagher's TDA account. Ex. B at 2. ("Client has restrictions on accounts and notes say you were lifting?").

---

[2] The defense also independently objects to the inclusion of PX 444 and 476 on the grounds that they concern trading in August 2021. The issue as to whether uncharged trading in BZWR from August 2021 is admissible at all is currently *sub judice*.

[3] For the pages contested between the parties, each unredacted TDA Exhibit coupled with the SEC's proposed redactions and highlights denoting the defense's objections, are attached hereto as composite Exhibits: B (PX 441); C (PX 443); D (PX 444); and E (PX 476). The defense can provide full versions of the TDA Exhibits at the Court's request.

There are three messages in PX 441 that concern communications to or from Mr. Gallagher and can be shown to the jury (if admissible on other grounds). These three messages are: (i) "**Ask the client** if they read and understood the KANA we sent him" (*id*. at 3); (ii) "**he says** he understands it" (*id*. at 4); and (iii) "**tell him** restriction will get lifted shortly" (*id*.) (emphasis added).

The SEC, however, seeks to keep unredacted *11 additional messages* because they are, allegedly, "necessary to provide context." Ex. A at 2. These messages are TDA's internal communications and conclusions concerning Mr. Gallagher's trading. For example, Rowe states that "Client has been flagged for this multiple times now and it's important he knows that behavior isn't allowed." This is not something communicated to/from Mr. Gallagher. Furthermore, Striebel says, "about manipulative trading?" to which Samuel Rowe says "Marking the close." Rowe also states, "So client is trading the stock towards the end of the day on consecutive days. This creates as pattern of one consistent with marking the close."

None of these are communications to/from Gallagher. All of these are TDA's own legal conclusions about trading. But as this Court explained at the Conference, TDA is not serving as the judge and juror here. *See* Tr. at 54:11-12. Legal conclusions by TDA employees, which are clear hearsay and inadmissible at trial, must be redacted.

ii. **PX 443**

TDA Exhibit PX 443 is a July 31, 2020, internal TDA Slack conversation between 248 TDA employees on the "blockdesk-tdac." *See, generally,* Ex. C. Again, Mr. Gallagher is *not* included on this Slack conversation. TDA employee Barbara Braunger messages TDA employee Samuel Rowe about Mr. Gallagher. *Id*.

Four messages in PX 443 are communications to/from Mr. Gallagher: (i) "870505991 wants to know what he needs to do to get restrictions removed" (*id*. at 2); (ii) "**he said** he responded to the email but no one has gotten back to him" (*id*. at 3); (iii) "can you just **ask them** if what we sent makes sense?" (*id*.); and (iv) "**he didn't realize** what he was doing was wrong [redaction internal TDA explanation] **He is** now" (*id*.) (emphasis added). The comment in message four marked for redaction, "(was not aware of stock manipulation)," is an internal specification from one TDA employee to another—consistent with the widely accepted use for explanatory parentheticals—and is written this way to distinguish it from what Mr. Gallagher said directly to TDA.

The other messages in PX 443 are all internal commentary by TDA employees. For example, Rowe appears to have read five emails that Mr. Gallagher sent to TDA and then he remarked, "alright so none of their responses actually covered what we sent."[4] *Id*. at 3. This is commentary. This message was not communicated to Mr. Gallagher. Therefore, this message (and the other internal communications) must be redacted by the SEC.

---

[4] It goes without saying that the proper way for the SEC to get these five emails in front of the jury would be to seek admission of the emails Mr. Gallagher sent, himself.

    **iii.**    **PX 444**

TDA Exhibit PX 444 is an August 25, 2021, TDA Slack conversation between 960 TDA employees on the "blockdesk-tdac." *See, generally,* Ex. D. Mr. Gallagher is *not* included on this internal Slack conversation. TDA employee Teagan Warnke messages the Slack group to see if "anyone [is] available to review" a restriction on Mr. Gallagher's account "to see if [TDA] can remove." *Id.* at 2. TDA employee Samuel Rowe answered in the slack. *Id.* This message concerns trading in BZWR in August 2021, far after the "marking the close" conduct charged in the complaint.

There are only a handful of statements that reflect communications to or from Mr. Gallagher. In the first message, the TDA employee states —"**Client would** also like to know exactly what he's doing so he can avoid this." *Id.* (emphasis added). In another message, Warnke relays Mr. Gallagher's question as to whether there is a "possible exception we can make on the liquidating only restriction," and also Mr. Gallagher's statement that he did not know the trading was manipulative. *Id.* at 3.

The other messages in this exchange are internal TDA discussion and direction. None of these messages include language that was communicated to or from Mr. Gallagher. For example, the SEC attempts to get in a message comparing inconsistencies between TDA's internal "records" and "CRUX". *Id.* Rowe states, "Not sure why CRUX is only showing the one other time. Per our records client has been message 6 previous times, this time being the 7th over the past 13 months…Based on this information I'm not going to request a special exception. Sorry." *Id.* This message is internal analysis and deliberation. Likewise, Rowe's commentary about how Mr. Gallagher "has continued a pattern of possibly manipulative trading BZWR" as well as the remainder of that message, is Rowe's internal thoughts regarding his trading, and not communications to or from Gallagher. *Id.* These too must be redacted.

    **iv.**    **PX 476**

Lastly, TDA Exhibit PX 476 is an August 10, 2021, TDA Slack conversation between 949 TDA employees on the "blockdesk-tdac." *See, generally,* Ex. E. Mr. Gallagher is *not* included on this Slack conversation. TDA employee Josh Randazzo messages with TDA employee Rafael Zamarripa. *Id.* Once again, this message concerns trading in BZWR in August 2021, far after the "marking the close" conduct charged in the complaint.

Here, there is a single message concerning *potential* communications with Mr. Gallagher—"acct. 870505991, calling in response to manipulative trading email. Acknowledges and will adjust his trading pattern going forward." *Id.* at 2. The defense objects to the entirety of this message, particularly the notation regarding "manipulative trading" coming into evidence. That characterization is TDA's characterization and does not reflect communications with Mr. Gallagher. The Court was clear that the TDA Exhibits are only admissible to the extent that "Gallagher told them a different story than the one he apparently is going to tell the jury, or so you say." Tr. at 54:11-15. The Court reenforces that "TD Ameritrade is not sitting as judge and jury in this case[.]" *Id.* at 54:11-12. The "manipulative trading" language (or other trading violation language without qualifiers), does not support inconsistencies in Mr. Gallagher's representations and has significant potential to confuse the

jury at trial. For these reasons, these messages should all be redacted.

The remaining messages in this exhibit are all internal communications within TDA about removing account restrictions. None are admissible.

\* \* \* \*

Finally, the parties' disagreement over the interpretation of the TDA Exhibits confirms that they are likely only to confuse the jury and be highly prejudicial to Mr. Gallagher. What the TDA employees meant and how they came to their conclusions is only known to the TDA employees, as the parties to these conversations. To the extent the Court is inclined to broaden its redaction Order, the SEC should be required to have the employees testify concerning messages other than those explicitly stating they were told to or by Mr. Gallagher.[5] TDA employee Samuel Rowe, as an example. sends messages in three out of four TDA exhibits, and he still works at TDA. The SEC has failed to offer any explanation as to why any of these TDA employees are unavailable. The SEC cannot be allowed to speak on behalf of TDA employees at trial.

Respectfully submitted,

*/s/ Eric S. Rosen*
Eric S. Rosen
Kimberly A. Jones
DYNAMIS LLP
225 Franklin Street, 26th Floor
Boston, MA 02110
(617) 802-9157
erosen@dynamisllp.com

**Cc:   Counsel of Record**

---

[5] Mr. Gallagher does not concede that these messages would be admissible or relevant if the SEC called the custodians (they are not) and preserves all rights and objections.