UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SECURITIES AND EXCHANGE
COMMISSION,

                      Plaintiff,                      21-cv-8739 (PKC)

          -against-                      ORDER

STEVEN M. GALLAGHER, a/k/a "Alexander
Delarge 655321,"

                      Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.,

        Plaintiff Securities and Exchange Commission ("SEC") requests that excerpts from the videotaped deposition testimony of one of its victim witnesses, Nicholas Irwin, who resides in Laguna Beach, California, be admitted at trial in lieu of his live testimony because Irwin suffers from a condition described in a sealed submission and is therefore "unavailable" under Rule 804(a), Fed. R. Evid., to testify at trial. The SEC also requests permission to identify its trial exhibits by number, rather than by letter. Defendant Steven M. Gallagher opposes the SEC's request as to Irwin but consents to it numbering its exhibits. For the following reasons, the SEC's two requests will be granted.

        Rule 804(a)(4) provides that "[a] declarant is considered to be unavailable as a witness if [he] . . . cannot be present or testify at the trial or hearing because of death or a then-existing infirmity, physical illness, or mental illness[.]" If the declarant is unavailable as a witness, then his former testimony is admissible at trial so long as it "(A) was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and (B) is now offered against a party who had--or, in a civil case, whose

predecessor in interest had--an opportunity and similar motive to develop it by direct, cross-, or redirect examination." Rule 804(b)(1)(A)-(B). In sum, in order to admit prior testimony "the proponent has the burden to show by the preponderance of the evidence that (1) the witness was unavailable; (2) the party against whom the testimony is offered is the same as in the prior proceeding; and (3) that that party had the same motive and opportunity to examine the witness." Annunziata v. City of New York, 06-cv-7637 (SAS), 2008 WL 2229903, at *7 (S.D.N.Y. May 28, 2008) (citation omitted).

        The SEC has met its burden here. In his sealed declaration, Irwin explains the background to the condition and the fact of his diagnosis with the condition several years ago. (ECF 208-1 ¶¶ 3-4.) He recounts his belief that testifying at trial would trigger certain symptoms and aggravate his condition. (Id. ¶ 7.) The SEC has submitted a letter from a licensed therapist specializing in the treatment of Irwin's condition, who has been treating Irwin for two years, that corroborates his symptoms and concerns. (ECF 208-1 ¶ 4; ECF 208-3.) Based on this evidence, the Court concludes that the SEC has shown that Irwin's condition renders him unavailable to testify at trial. Rule 804(a)(4).

        The SEC has also shown that excerpts from Irwin's videotaped deposition are admissible in place of his trial testimony under Rule 804(b)(1). There is no question that the party against whom Irwin's deposition testimony is being offered—Gallagher—is the same as in the prior proceeding. Gallagher had the same motive and opportunity at deposition to examine Irwin. The SEC identified Irwin as a victim of Gallagher's alleged fraud in its Rule 26(a)(1) Disclosures. It was quite appropriate, therefore, for Gallagher to subpoena Irwin for his deposition. That Gallagher may have chosen to question Irwin at deposition in a manner meant to elicit "narrative answers" about "why" Irwin "believed something to be true" does not change

that fact. (ECF 210 at 2.) Gallagher's contention that he did not have an opportunity to cross-examine Irwin because the SEC objected to "virtually every 'leading' question" and also objected when he "attempted to raise issues in response to the SEC's cross-examination" is misplaced. (Id.) Objections, except as to form, are preserved until trial and do not constitute a direction to the witness not to answer. No application was made by Gallagher to the Court to compel an answer to any question.

There is no merit to Gallagher's argument that because he subpoenaed Irwin for his deposition, his examination could not have been a cross-examination but was, instead, direct examination. In essence, his argument is that the act of examining a non-party witness pursuant to a subpoena issued by the questioning party precludes the examination from being considered as cross-examination. The argument ignores the role of Rule 26(a)(1) Disclosures as a tool of discovery practice. The SEC was required to disclose Irwin's identity and the subjects on which he had discoverable information because "the disclosing party may use [that information] to support its claims . . . ." Rule 26(a)(1)(A)(i). Absent some unusual circumstance not present here, a deposition by an adverse party of a person so identified is the functional equivalent of cross-examination.

Notably, Gallagher does not object to Irwin testifying remotely provided the SEC permits one of his witnesses to do so as well. (ECF 210 at 3.) Rule 43(a), Fed. R. Civ. P., permits a witness to testify remotely "[f]or good cause in compelling circumstances and with appropriate safeguards . . . ." As the Advisory Committee Notes to Rule 43 observe: "[o]rdinarily depositions, including video depositions, provide a superior means of securing the testimony of a witness who is beyond the reach of a trial subpoena, or of resolving difficulties in scheduling a trial that can be attended by all witnesses. Deposition procedures ensure the

opportunity of all parties to be represented while the witness is testifying." Apart from the possible superiority of a deposition to a remote appearance, the sealed submissions demonstrate that testimony by this witness by remote means would present the same possible triggering and aggravating circumstance presented by live testimony.

The SEC has met its burden of demonstrating that Irwin's former testimony is admissible at trial under Rule 804 and its motion is GRANTED. In light of Gallagher's consent to the SEC's request to identify its trial exhibits by number, that request is also GRANTED.

The SEC's letter motion (ECF 206) to redact portions of its submissions filed in connection with these requests is GRANTED. The Clerk of Court is respectfully directed to terminate the pending letter motion at ECF 206.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
August 20, 2025