UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

STEVEN M. GALLAGHER, a/k/a "Alexander Delarge 655321,"

Defendant.

No. 1:21-cv-8739-PKC-GWG

---

### ORDER MODIFYING PRELIMINARY INJUNCTION ORDER

**WHEREAS**, the Court previously entered an Order to Show Cause and Temporary Restraining Order on October 26, 2021 ("TRO") (DE 11), temporarily enjoining the Defendant from violating certain provisions of the securities laws and freezing certain of his assets; and

**WHEREAS**, on November 5, 2021, the Court subsequently granted the parties' request to modify the TRO with respect to the frozen assets held in the accounts of Fifth Third Bank ending in x7581 and x1634, for CMS of Holland Inc. ("CMS"), and the Gallagher Group Ltd. ("Gallagher Group"), such that account x7581 was to be used for CMS's ordinary and necessary business needs and account x1634 was to be used for the necessary operations and functions of the Gallagher Group (DE 17);

**WHEREAS**, on November 30, 2021, the Court entered a Stipulated Preliminary Injunction Order (the "PI Order") (DE 21), whereby the parties agreed to entry of an Order preliminarily enjoining the Defendant from violations of certain provisions of the federal securities laws, and freezing the Defendant's assets up to $6.9 million, pending a final disposition of this case, except for certain carve-outs permitting the Defendant to access and use

certain assets as specified therein, including for business expenses, living expenses, educational expenses and legal fees;

**WHEREAS**, on March 23, 2022, the Court modified the asset freeze to permit the Defendant and his wife Kristen Gallagher to sell securities held in certain frozen brokerage accounts, subject to certain conditions specified therein (DE 36);

**WHEREAS**, on June 30, 2022, the Court held a hearing on Defendant's motion to modify the PI Order to vacate the asset freeze in its entirety;

**WHEREAS**, at the conclusion of the June 30, 2022 hearing, the Court denied the Defendant's motion to vacate the asset freeze, but ordered that the PI Order be modified to freeze the Defendant's assets in an amount up to $3,172,990.00, pending final disposition of this case;

**WHEREAS**, on July 12, 2022, the Court modified the PI Order to freeze the Defendant's assets in an amount up to $3,172,990.00, pending final disposition of this case (DE 66);

**WHEREAS**, on November 17, 2023, the Court modified the PI Order to allow the Defendant to use the funds in the Citibank accounts ending x7455 and x3678 to pay Defendant's outstanding tax bill (DE 89);

**WHEREAS**, on February 20, 2025, the Court denied the Defendant's request to lift the asset freeze without prejudice to renewal at the close of the SEC's case in chief at trial (DE 180); and

**WHEREAS** the parties now agree that the maximum disgorgement amount that the SEC Enforcement Staff ("Staff") will recommend that the Commission authorize the Staff to seek after trial is $1,284,509[1] including prejudgment interest:

---

[1] The SEC Enforcement Staff will not recommend that the Commission seek disgorgement for the following tickers in the event liability on these tickers is found at trial: AFOM, ALPP, BFCH, BZWR, CBDD, DPLS, ENZC, LMFA, SCIE and TSNP.

- The parties agree that the amount of the asset freeze should be modified to $1,284,509.

- The parties agree that in order to effectuate this change, only the following account ("Frozen Account") should remain frozen:

    o   E*trade account ending x8533-203, in the name "Steven Gallagher TOD"

- The parties agree that to effectuate this change, the following account ("Partially Frozen Account") should remain frozen, such that the total amount frozen between the Frozen Account and the Partially Frozen Account should equal $1,284,509 at the time of the unfreezing:

    o   E*trade account ending x8614-204, in the name "Steven Gallagher"

- The parties agree that the following assets will not be frozen as a result of this modification (the "Unfrozen Assets"):

    o   Charles Schwab account ending x7404, in the name "Kristen Nicole Gallagher"

    o   Charles Schwab account ending x3943, in the name "Steven Michael Gallagher Sr"

- The Defendant agrees to provide the SEC with monthly statements for the Frozen Account and the Partially Frozen Account, until the final judgment is entered in this matter, or the case is otherwise resolved.

- The parties agree that if the balance of the Frozen Accounts falls below $1,284,509 prior to final judgment being entered in this matter, the SEC may seek to freeze additional accounts.

- The parties agree that the Defendant will not seek to vacate or further reduce the amount of the asset freeze before the close of the SEC's case-in-chief at trial and that the Defendant will not assert that the SEC acted improperly by not agreeing to reduce the amount of the asset freeze sooner.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the PI Order is modified to freeze the Defendant's assets in an amount up to $1,284,509. Pursuant to this Order, the following assets are no longer frozen: Charles Schwab accounts ending in x7404 and x3943. In addition, E*trade account ending x8614-204, in the name "Steven Gallagher" will remain frozen, such that the total amount frozen between the Frozen Account and the Partially Frozen Account should equal $1,284,509 at the time of the unfreezing. The rest of the account is unfrozen. Moreover, the Defendant is ordered to provide the SEC with monthly statements for the Frozen Account and the Partially Frozen Account.

Except for the modification set forth above as to the revised total amount frozen, and the list of assets that are by this Order unfrozen, all other provisions of the PI Order (DE 21), as modified by the Court's March 23, 2022 Order (DE 36), July 12, 2022 Order (DE 66), and November 17, 2023 Order (DE 89) remain in effect.

SO ORDERED, this  25th  day of August 2025.

_____
P. Kevin Castel
United States District Judge