UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                  Plaintiff,<br><br>  -against-<br><br>STEVEN M. GALLAGHER,<br><br>                  Defendant. | 21-CV-8739 (PKC) (GWG) |

### [PROPOSED] FINAL JUDGMENT AGAINST DEFENDANT STEVEN M. GALLAGHER

WHEREAS Plaintiff Securities and Exchange Commission ("Commission") filed a Complaint on October 26, 2021 against Defendant Steven M. Gallagher ("Gallagher") in which the Commission alleged that Gallagher violated Section 10(b) of the Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5], Section 9(a)(2) of the Exchange Act [15 U.S.C. § 78i(a)(2)], and Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] (Dkt. No. 1);

WHEREAS the Commission filed an Amended Complaint on April 7, 2022 and a Second Amended Complaint on June 29, 2022 alleging the same three claims against Gallagher (Dkt. Nos. 38 and 58);

WHEREAS the Commission voluntarily dismissed the claim alleging that Gallagher violated Section 17(a) of the Securities Act on September 12, 2025 (Trial Transcript 695:21–696:1);

WHEREAS a unanimous jury reached a verdict finding Gallagher liable for violating Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R.

§ 240.10b-5] and Section 9(a)(2) of the Exchange Act [15 U.S.C. § 78i(a)(2)] on September 19, 2025 (Dkt. No. 237).

**I.**

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Gallagher is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person about the price or trading market for any security, or (ii) making any false or misleading statement, or disseminating any false or misleading documents, materials, or information, concerning matters relating to a decision by an investor or prospective investor to buy or sell securities of any company.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Gallagher's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Gallagher or with anyone described in (a).

**II.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Gallagher is permanently restrained and enjoined from violating Section 9(a)(2) of the Exchange Act [15 U.S.C. § 78i(a)(2)], directly or indirectly, by the use of the mails or any means or instrumentality of interstate commerce, or of any facility of any national securities exchange, or for any member of a national securities exchange to:

effect, alone or with one (1) or more other persons, a series of transactions in any security registered on a national securities exchange, any security not so registered, or in connection with any security-based swap or security-based swap agreement with respect to such security creating actual or apparent active trading in such security, or raising or depressing the price of such security, for the purpose of inducing the purchase or sale of such security by others.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Gallagher's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Gallagher or with anyone described in (a).

**III.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that pursuant to Section 21(d)(6) of the Exchange Act [15 U.S.C. § 78u(d)(6)], Gallagher is permanently restrained and enjoined from participating in an offering of penny stock, including by engaging

in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.

IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Gallagher is liable for disgorgement of $1,255,889, representing Gallagher's net profits gained as a result of conduct for which the jury found Gallagher liable, together with prejudgment interest thereon in the amount of $28,620.21, for a total of $1,284,509.21.  Gallagher shall satisfy this obligation by paying $1,284,509.21 to the Commission within 30 days after entry of this Final Judgment.

V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Gallagher is liable for civil penalties in the amount of $7,802,883 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78(u)(d)(3)].  Gallagher shall satisfy this obligation by paying $7,802,883 to the Commission within 30 days after entry of this Final Judgment.

VI.

Gallagher may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the Commission's website at http://www.sec.gov/about/offices/ofm.htm.  Gallagher may also pay by certified check, bank cashier's check, or United States postal money order payable to the Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; identifying Gallagher as the defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Gallagher shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Gallagher relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Gallagher.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action. Gallagher shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Gallagher shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Gallagher's payments of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Gallagher's payments of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Gallagher shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against any of the Gallagher by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

**VII.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Gallagher under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Gallagher of

6

the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## VIII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____, 2026

_____
Hon. P. Kevin Castel
UNITED STATES DISTRICT JUDGE