UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE
COMMISSION,

                                   Plaintiff,

                    v.                                   No. 21-cv-8739 (PKC)

STEVEN M. GALLAGHER,

                                   Defendant.

---

**[PROPOSED] FINAL JUDGMENT AS TO DEFENDANT STEVEN M. GALLAGHER**

The Securities and Exchange Commission ("Commission" or "Plaintiff") having filed a

Complaint and a jury trial having been held between September 8, 2025 and September 18, 2025,

as to the Commission's claims against Defendant Steven M. Gallagher ("Defendant"); the jury

having returned a verdict for Plaintiff as to all claims against the Defendant on September 19,

2025; and the Court having issued an Opinion and Order on June 18, 2026, that, among other

things, imposed certain remedies:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is

permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in

connection with the purchase or sale of any security:

    (a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact

necessary in order to make the statements made, in the light of the circumstances

under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would

operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

is permanently restrained and enjoined from violating, directly or indirectly, Section 9(a)(2) of

the Exchange Act [15 U.S.C. § 78i(a)(2)], by using the mails or any means or instrumentality of

interstate commerce, or of any facility of any national securities exchange, or for any member of

a national securities exchange, to effect, alone or with one or more other persons, a series of

transactions in any security registered on a national securities exchange, any security not so

registered, or in connection with any security-based swap or security-based swap agreement with

respect to such security creating actual or apparent active trading in such security, or raising or

depressing the price of such security, for the purpose of inducing the purchase or sale of such

security by others.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $1,255,889, representing net profits gained as a result of the violative conduct found by the jury, and a civil penalty in the amount of $472,902 pursuant to Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)(3)(B)(iii)]. Defendant shall satisfy this obligation by paying $1,728,791 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Steven M. Gallagher as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action. Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be

4

disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that within twenty-one (21) days of being served with a copy of this Final Judgment, E*TRADE, which holds (1) account ending x8533-203 in the name "STEVEN GALLAGHER TOD SUJBECT TO STA RULES" which was frozen pursuant to this Court's Order ("Frozen Account"), and (2) account ending x8614-204 in the name "STEVEN GALLAGHER" which was partially frozen ("Partially Frozen Account") pursuant to this Court's Order Modifying Preliminary

5

Injunction order dated August 25, 2025 (ECF No. 216), shall: (1) liquidate all assets held in Frozen Account, and (2) liquidate assets held in Partially Frozen Account only to the extent necessary so that the total proceeds liquidated from both accounts do not exceed $1,284,509, and shall transfer those proceeds to the Commission in partial satisfaction of the Final Judgment.

For the avoidance of doubt, E*TRADE is authorized and directed to sell, redeem, or otherwise convert to cash any and all securities, investments, or other non-cash assets held in the Frozen Account and, if necessary, the Partially Frozen Account (using either the first-in, first out or last-in, first out methodology), up to $1,284,509, without further instruction or authorization from the account holder, in order to comply with this Order.

E*TRADE may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  E*TRADE also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further,

6

any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by

Defendant under this Final Judgment or any other judgment, order, consent order, decree or

settlement agreement entered in connection with this proceeding, is a debt for the violation by

Defendant of the federal securities laws or any regulation or order issued under such laws, as set

forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court

shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final

Judgment.

SO ORDERED, this ____1st____ day of ___July___ 2026.

P. Kevin Castel
UNITED STATES DISTRICT JUDGE